**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| **THOMAS R. MOONEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:04CV226** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FEDERATED MUTUAL INSURANCE** | ) | |
| **COMPANY, a Minnesota corporation,** | ) | **STIPULATION,** |
| **and FEDERATED LIFE INSURANCE** | ) | **CONFIDENTIALITY AGREEMENT,** |
| **COMPANY, a Minnesota corporation,** | ) | **AND** |
| **and FEDERATED MUTUAL INSURANCE** | ) | **PROTECTIVE ORDER** |
| **COMPANY CAREER GROWTH BONUS** | ) | |
| **PLAN, a purported E.R.I.S.A. employee** | ) | |
| **pension benefit plan,** | ) | |
| | ) | |
| **Defendants.** | ) | |

The parties, by their attorneys, hereby stipulate and agree as follows:

1.      All information, documentation, and materials produced by the parties in this matter designated as "Confidential Information" will be held confidential.  The parties anticipate that "Confidential Information" will include, but not be limited to, protected health information within the meaning of HIPAA such as health insurance applications, nonpublic financial, compensation, and sales records of Federated which constitute confidential business and/or trade secret information, and non-party employee personnel records.

2.      Confidential Information will be disclosed only to the court and its personnel, plaintiff, defendant, counsel and its personnel, and court reporters who have a need for such disclosure and who are directly involved in the preparation or trial of this matter.

3.      Confidential Information may be disclosed to other persons requested by counsel to furnish technical or expert services, or others who may give testimony in this matter.  Prior to disclosing Confidential Information to any person outlined in this paragraph, counsel will show a copy of this Order to him/her and have him/her acknowledge in writing, in the form attached as Exhibit A, that he/she has read this Protective Order, understands its terms, and agrees to be bound by them.  Counsel will retain these acknowledgements

and will provide them to opposing counsel only upon agreement of the parties or by Order of the Court.

4.    Confidential Information and any reports, summaries, analyses, or other papers derived from it shall be retained by and/or under the control of counsel.

5.    Confidential Information shall be used only in connection with this action and shall not be used for any business, competitive, personal, private or public purpose, or any other purpose.

6.    Upon termination of this action, including all appeals, counsel shall, within 90 day thereof, collect all Confidential Information and return to opposing counsel, or destroy, all Confidential Information produced by opposing counsel.   Counsel may retain Confidential Information, but only for the purpose of preserving a file in this matter.

7.    Information which is publicly available shall not be deemed confidential.

8.    Nothing in this Protective Order constitutes a finding or admission that Confidential Information is in fact confidential, proprietary or otherwise not subject to disclosure.  Any party may bring before the court at any time the question of whether any particular Confidential Information does, in fact, contain confidential material or the question of whether this Protective Order should be modified.

9.    Protected Health Information:

The parties acknowledge that some of the information produced in this case is protected health information within the meaning of HIPAA.  Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v):

   a.    Counsel and the party seeking protected health information shall not use or disclose the protected health information for any purpose other than the litigation or proceeding for which such information has been requested.

   b.    Counsel and the party requesting the protected health information shall return or destroy the protected health information (including all copies made) at the end of the litigation or proceeding.

   c.    Counsel and the party requesting protected health information shall request, use and disclose only the minimum necessary protected health information to conduct the litigation or proceeding.

2

10.    The foregoing is entirely without prejudice to the right of either party to apply to the Court for any further protective order relating to any confidential documents to information; or to apply to the Court for an Order compelling production of documents; or for modification of this Order, or for an order permitting the disclosure of any confidential documents or information beyond the terms of this Order.  This Protective Order is subject to modification at any time upon further stipulation of the parties or pursuant to Order of the Court.

11.    The parties request that the Court, without hearing, render an Order incorporating the terms of this Stipulation.


Dated:  June 30, 2005                THOMAS R. MOONEY,  Plaintiff

                                     By: s/W. Patrick Betterman
                                         W. Patrick Betterman, Esq. (#10306)
                                         Law Offices of W. Patrick Betterman
                                         12829 West Dodge Road, Suite 202
                                         Omaha, NE 68154-2188
                                         (402) 333-3334
                                         (402) 333-4113 (facsimile)
                                         pat@betterlaw.com

Dated:  June 30, 2005                FEDERATED MUTUAL INSURANCE
                                     COMPANY, FEDERATED LIFE INSURANCE
                                     COMPANY, and FEDERATED MUTUAL
                                     INSURANCE COMPANY CAREER GROWTH
                                     BONUS PLAN, Defendants

                                     By: s/Gregory J. Stenmoe
                                         Gregory J. Stenmoe (#131155)
                                         Jason M. Hedican (#271548)
                                         Briggs and Morgan, P.A.
                                         2200 IDS Center
                                         80 South Eighth Street
                                         Minneapolis, MN 55402
                                         (612) 977-8400
                                         (612) 977-8650 (facsimile)
                                         jhedican@brigg.com

                                     and

By: s/Christopher R. Hedican
Christopher R. Hedican (#19744)
Baird Holm Law Firm LLP
1500 Woodmen Tower
Omaha, NE 68102-2068
(402) 344-0500
(402) 231-8552 (facsimile)
chedican@bairdholm.com

**IT IS SO ORDERED.**

Dated this 1st day of July, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge

4

## EXHIBIT A

## ACKNOWLEDGMENT

The undersigned, in connection with the case of *Thomas R. Mooney v. Federated Mutual Insurance Company, et al*., in the United States District Court for the District of Nebraska, Court File No. 8:04-CV-00226-FG3, hereby acknowledges that she/he has read the Protective Order entered in this case, that she/he understands the provisions prohibiting the disclosure or other use of Confidential Information, and that she/he agrees to abide by it and to be bound by the provisions of the Protective Order.  The undersigned further acknowledges that failure to comply with the provisions of this Protective Order may be punishable by contempt of court and may result in civil liability to any party or person damaged thereby.


Dated: _____           _____


Subscribed and sworn to before me
this __ day of_____, 2005.