IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS R. MOONEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CV226 |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERATED MUTUAL INSURANCE | ) | MEMORANDUM AND ORDER |
| COMPANY, a Minnesota corporation, | ) | |
| and FEDERATED LIFE INSURANCE | ) | |
| COMPANY, a Minnesota corporation, | ) | |
| and FEDERATED MUTUAL | ) | |
| INSURANCE COMPANY CAREER | ) | |
| GROWTH BONUS PLAN, a purported | ) | |
| E.R.I.S.A. employee pension benefit | ) | |
| plan, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff Thomas Mooney's motion to dismiss defendants' counterclaims. Filing No. 45. This is an action for breach of an employment contract, unjust enrichment, and violations of the Nebraska Wage Collection Act, Neb. Rev. Stat § 48-1228 *et seq.,* and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendants Federated Mutual Insurance Company, Federated Life Insurance Company, and Federated Mutual Insurance Company Career Growth Bonus Plan (hereinafter, collectively, "Federated") have counterclaimed asserting breach of contract (Count I), breach of confidentiality agreement (Count II) and unjust enrichment (Count III). Mooney moves to dismiss the breach of confidentiality and unjust enrichment claims.

I. **BACKGROUND**

Mooney alleges that he entered into an employment contract with Federated on or about June 20, 1984. *See* Filing No. 4, Amended Complaint, Ex. A, Marketing

Representative's Employment Contract ("Employment Contract"). Mooney was employed as a Marketing Representative for Federated until his employment was terminated on June 9, 2003. Filing No. 4, Amended Complaint at 5. The Employment Contract contains a post-employment covenant not to compete. Employment Contract at 1, ¶ 5 (hereinafter, "the noncompete provision"). Under the provision, Mooney agreed not to divulge the names of Federated's "policyholders and accounts to any other person, firm or corporation if these accounts are located within the territory assigned . . . " for a period of two years after termination of employment with Federated. Employment Contract at 1, ¶ 5(a). Mooney further agreed not to:

> [i]n any way seek to induce, bring about, promote, facilitate or encourage the discontinuance of or in any way solicit for and in behalf of himself or others, or in any way quote rates, accept, receive, write, bind, broker or transfer any renewal or replacement of any of the insurance business, policies, risks or accounts written, issued, covered, obtained (whether through the efforts of Marketing Representative or not) or carried by Employer in the territory assigned to Marketing Representative under the Employment Contract; nor will the Marketing Representative accept, receive, obtain, write, place, bind or broker insurance business or insurance policies of any type for any of Employer's policyholders and customers in said territory assigned within the said two year period.

Employment Contract at 1, ¶ 5 (b). Federated alleges that Mooney violated the confidentiality provision, subparagraph (a), of the Employment Contract by disclosing the identities of the defendants' policyholders after his termination. Filing No. 41, Amended Answer and Counterclaim at 14. Mooney contends the provision is invalid and unenforceable under Nebraska law and further asserts that Federated's claim for unjust enrichment is barred as a matter of law.

## II. DISCUSSION

In considering a motion to dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must assume all the facts

2

alleged in the complaint are true and must liberally construe the complaint in the light most favorable to the plaintiff. *Schmedding v. Tnemec Co., Inc.,* 187 F.3d 862, 864 (8th Cir. 1999). A Fed. R. Civ. P. 12 (b)(6) motion to dismiss a claim should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. *Id.* Thus, as a practical matter, a Rule 12 (b)(6) dismissal should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *Id.*

Although consideration of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is limited to the pleadings, the court may consider documents incorporated into the pleadings by reference. *Moses.com Sec., Inc. v. Comprehensive Software Sys.*, 406 F.3d 1052, 1063 n.3 (8th Cir. 2005); *Deerbrook Pavilion, LLC v. Shalala*, 235 F.3d 1100, 1101 (8th Cir. 2000) (stating that "on a motion to dismiss, a court must primarily consider the allegations contained in the complaint, although matters of public and administrative record referenced in the complaint may also be taken into account"); *Venture Assoc's Corp. v. Zenith Data Sys.*, 987 F.2d 429, 431 (7th Cir. 1993) (indicating that "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim").

The parties agree that Nebraska law is applicable to this action. In diversity cases, the choice of law is governed by the forum state's choice-of-law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Nebraska follows the Restatement (Second) of Conflicts of Laws. *Inacom Corp. v. Sears, Roebuck & Co.*, 254 F.3d 683, 687 (8th Cir. 2001). The Restatement provides that the rights and duties of the parties with respect to an issue in contract are determined by the local law of the state that has the most significant relationship to the transaction and the parties. *Id.* In the absence of an

effective choice of law by the parties, the Restatement provides that the contacts to be taken into account in applying the most significant relationship test include the place of contracting, the place of negotiation, the place of performance, the location of the subject matter of the contract, and the domicile, residence, nationality, place of incorporation and place of business of the parties. *Id.* The parties executed the contract in Nebraska. Mooney's assigned territory was in Nebraska and his services were performed in Nebraska. Accordingly, Nebraska law applies to the contract claims.

Mooney asserts that the noncompete provision of the Employment Contract is invalid and unenforceable under Nebraska law. Covenants not to compete must be reasonable in terms of restraint of trade principles in order to be enforceable. *Philip G. Johnson & Co. v. Salmen*, 317 N.W.2d 900, 903 (Neb. 1982). The objective of a covenant not to compete is the prevention of an employee's competitive use of information or a relationship with a customer or client, which pertains peculiarly to the employer and has been acquired in the course of the employee's employment with the employer. *Boisen v. Petersen Flying Serv. Inc.*, 383 N.W.2d 29, 33 (Neb. 1986).

In the employment context, the validity of a covenant not to compete aimed at preventing a former employee from unfairly appropriating customer goodwill depends on whether the restriction is no greater than reasonably necessary to protect an employer's legitimate interest. *Vlasin v. Len Johnson & Co.*, 455 N.W.2d 772, 776 (1990). A noncompete agreement connected to employment will be found to be "no greater than reasonably necessary 'only if it restricts the former employee from working for or soliciting the former employer's clients or accounts with whom the former employee actually did business and ha[d] personal contact.'" *H & R Block Tax Services, Inc. v. Circle A Ent., Inc.*, 693 N.W.2d 548, 554 (Neb. 2005) (quoting *Polly v. Ray D. Hilderman & Co.*, 407

4

N.W.2d 751, 756 (Neb. 1987)).  Thus, under Nebraska law, a covenant not to compete is only valid if it restricts the former employees from soliciting or working for clients of the former employer with whom the former employee actually had contact.  *See Mertz v. Pharmacists Mut. Ins. Co.*, 625 N.W.2d 197, 204-5 (Neb. 2001).  Nebraska courts have narrowly defined the permissible scope of covenants not to compete contained in employment agreements to include only this form of "customer specific" restraint.  *Presto-X-Company v. Beller*, 253 Neb. 55, 64-65 (Neb. 1997).  This test is applied strictly. *H & R Block,* 693 N.W.2d at 554.

The provision at issue restricts Mooney from divulging or soliciting <u>any</u> of Federated's clients located in plaintiff's assigned territory for two years.  The noncompete provision restricts plaintiff from doing business with Federated clients with whom plaintiff had no personal contact or business relationship.  Accordingly, the court finds the noncompete provision is overly broad and is thus invalid and unenforceable.

Federated argues that subparagraph (a), the confidentiality portion of the provision, is divisible and severable from the rest of the provision and can be separately enforced, notwithstanding the invalidity of the rest of the provision.  The court finds that, although set forth in separate subparagraphs, the provision comprises one covenant not to compete because both subparagraphs impose restrictions on a former employee's post-termination competition.  *See, e.g., H & R Block,* 693 N.W.2d at 553 (construing a similar provision). Nebraska courts have consistently refused "to strike or alter the language of an integrated covenant not to compete in order to make it enforceable."  *Id.*  It is not the function of the courts to reform a covenant not to compete in order to make it enforceable; the court must either enforce it as written or not enforce it at all.  *Id.*  Accordingly, if any portion of the covenant is invalid, the remainder of the covenant is likewise invalid and unenforceable.

5

*Id.* In the present case, this court finds that the confidentiality provision, subparagraph 5(a), is not severable and divisible from the non-solicitation provision, subparagraph 5(b).[1]

The court finds the noncompete provision of the Employment Contract is invalid and unenforceable in its entirety. Defendants cannot state a claim for breach of that provision. Accordingly, plaintiff's motion to dismiss Count II of the counterclaim will be granted.

Mooney also seeks dismissal of Count III of defendants' counterclaim which seeks recovery for unjust enrichment. He argues that defendants' damages, if any, are limited to those they can recover for breach of contract. The doctrine of unjust enrichment is implicated only when the parties do not have an express contract. *See Washa v. Miller,* 546 N.W.2d 813, 818-19 (Neb. 1996). To recover on a claim for unjust enrichment, Federated must prove that the plaintiff "received and retained [benefits] under such circumstances that it would be inequitable and unconscionable to permit [plaintiff] to avoid payment therefor." *Hoffman v. Reinke Mfg. Co.*, 416 N.W.2d 216, 219 (Neb. 1987). Whether a party has been unjustly enriched is a question of fact. *Sorenson v. Dager*, 601 N.W.2d 564, 572 (Neb. Ct. App. 1999). The court finds that dismissal of defendants' unjust enrichment claim is not appropriate at this stage of the proceedings. Defendants allegations are sufficient to state a claim. Accordingly, plaintiff's motion to dismiss defendants' unjust enrichment claim (Count III) will be denied.

IT IS ORDERED:

1. Plaintiff's motion to dismiss defendants' counterclaim, Filing No. 45, is granted in part and denied in part.

---

[1] Moreover, there are no allegations that the identity of policyholders is confidential, secret, or proprietary information that could be used to gain an unfair competitive advantage. Identity of customers is not generally a trade secret. *Rain and Hail Ins. Service, Inc. v. Casper*, 902 F.2d 699, 700 (8th Cir. 1990) (affirming a district court finding that restrictions of a noncompete clause were overly broad because the identity of customers is not a trade secret and agreements with the customers were not exclusive).

2. Defendants' claim for breach of confidentiality provision, Count II of defendants' amended answer and counterclaim, is hereby dismissed for failure to state a claim.

3. Plaintiff's motion to dismiss defendants' unjust enrichment counterclaim, Count III of defendants' amended answer and counterclaim, is denied.

DATED this 25th day of August, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
Joseph F. Bataillon
United States District Judge